HARRY D. WETHLING, TRADING AS AGENT FOR BOT-
TLING DEPARTMENT OF ORANGE BREWERY, PLAIN-
TIFF, v. MICHAEL WEINSTEIN, DEFENDANT.

Decided July 31, 1924.

Judgments—Opening—Defendant Drafted in Federal Service—
No Notice of Trial Served—Alleged Purchase of Goods as
Agent was Well Known to Plaintiff.

On defendant's rule to show cause.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the plaintiff, *Arthur B. Seymour.*

For the defendant, *Ward Kremer.*

PER CURIAM.

A judgment was entered in the Supreme Court on the
21st day of June, 1919, for the sum of $1,808 dallars dam-
ages and $50 costs in favor of the plaintiff and against the
defendant. The action, in which the judgment was entered,
was to recover the price of a shipment of beer alleged to have
been sold and made to the defendant. The judgment was
taken by default at the Essex Circuit.

It appears that the defendant was sued by the plaintiff
early in the year 1918. In May, 1918, he was drafted into
the service of the United States army, and an affidavit of
merits was filed for the defendant by Mr. Poland, who was
acting as defendant's attorney. While the defendant was at
Camp Dix, where he was stationed for nine weeks, he was
served with an order to appear at Long Branch before a
Supreme Court commissioner for examination which he did
and gave testimony. From that time on the defendant says
he heard no more of the progress of the case against him.
At the expiration of the nine weeks at Camp Dix the de-

fendant was sent with the army to France, whence he returned to New Jersey after an absence of six months.

The defendant testified under the rule that he never received any notice of the trial, which appears took place at Newark, in the Essex Circuit, at the April term, 1919. It appears, however, that a notice of trial was issued in the case by the plaintiff's attorney, which notice was served upon Mr. Poland as defendant's attorney, and who refused to acknowledge service of the notice. Mr. Poland testified that he advised the plaintiff's attorney that he was unable to locate defendant, and suggested that the plaintiff's attorney should get in communication personally with the defendant and make personal service of the notice of trial upon him. This testimony does not appear to have been denied. There is also testimony tending to show that the defendant has a meritorious defense.

The defendant's contention is that the beer, the price of which he was sued for by the plaintiff, was bought by him as agent for Michael Weinstein, Incorporated, a corporation. That this fact was well known to the plaintiff.

We have reached the conclusion that the judgment should be opened for the purpose of permitting the defendant to present his defense, and that, in the meanwhile, the judgment shall be preserved as a lien against the defendant's property until the final determination of the case.

Costs to abide the event of the action.